[No. 6204.]

### DICKINSON v. DICKINSON.

**Appeals—Review of Proceedings Subsequent to Final Judgment—Sec. 398 of the Code** confers upon the supreme court jurisdiction to review the proceedings of the lower courts, subsequent to final judgment therein, but only in connection with the final judgment.—(352)

Where no appeal is taken from a decree of divorce, and the period limited for a writ of error has elapsed, the supreme court has no jurisdiction to review an order of the lower court denying a motion to vacate the decree.—(352)

*Appeal from Garfield County Court*—Hon. A. L. BEARDSLEY, Judge.

Mr. J. C. GENTRY, for appellant.

Mr. C. W. DARROW, and Mr. J. S. CARNAHAN, for appellee.

CHIEF JUSTICE STEELE delivered the opinion of the court:

December 4, 1905, in the county court of Garfield county, a decree of divorce was granted to the plaintiff, the appellee here. No attempt was made to have the cause reviewed in this court, but within a year from the entering of the decree, defendant, appellant here, moved to reopen the decree, setting

forth in her affidavit reasons which she claims entitled her to have the cause reopened. The court denied the motion, and she has appealed to this court.

The denial of the motion to reopen the decree is not such a final judgment as would authorize a review by this court either on appeal or error. Under sec. 398 of the Code, we are authorized to review the proceedings of the trial court subsequent to final judgment, but we cannot review such proceedings except in connection with the main case. Under sec. 11, chap. 43 of the Laws of 1893, unless a writ of error is sued out within six months after the decree of divorce, we are without jurisdiction to review the case on error. As no appeal was taken from the decree of divorce, and as the time for suing out a writ of error has expired, and as we are without authority to review the proceedings subsequent to final judgment, it follows that the appeal taken must be dismissed, and it is so ordered.        *Dismissed.*

Mr. JUSTICE CAMPBELL and Mr. JUSTICE MUSSER concur.